IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY LEE SUNDAY, ) | |
| AIS #213453, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:11-CV-544-ID |
| ) | [WO] |
| ) | |
| BILLY MITCHEM, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Timothy Lee Sunday ["Sunday"], a state inmate, on July 2, 2011.[1] In this petition, Sunday challenges a 1999 conviction and sentence for first degree sexual abuse imposed upon him by the Circuit Court of Lee County, Alabama.

**II. DISCUSSION**

A review of the records of this court establishes that Sunday has filed three previous

---

[1] Although the Clerk stamped this petition "received" on July 7, 2011, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to correctional officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The documents filed by Sunday indicate he submitted the petition for mailing on July 2, 2011. *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 6. In light of the foregoing and for purposes of the proceedings herein, the court considers July 2, 2011 as the date of filing.

habeas petitions pursuant to the provisions of 28 U.S.C. § 2254 challenging the sexual abuse conviction and resulting sentence imposed upon him by the Circuit Court of Lee County, Alabama in December of 1999.  *Sunday v. Lee County Circuit Court, et al.*, Case No. 3:09-CV-202-MEF (M.D. Ala. 2009); *Sunday v. Lee County Circuit Court, et al.*, Case No. 3:07-CV-723-MEF (M.D. Ala. 2008); and *Sunday v. Ferrell, et al.*, Case No. 3:03-CV-502-MHT (M.D. Ala. 2006).  In the initial prior habeas action, this court denied Sunday relief from his sexual abuse conviction.  Specifically, the court determined the state courts properly adjudicated the merits of Sunday's claims of ineffective assistance of trial/appellate counsel, his challenge to the constitutionality of the sentence, his attack on the trial court's admission of the victim's in-court identification and his allegation of error with respect to denial of his motion for judgment of acquittal and, therefore, denied Sunday relief on these claims.  This court further determined Sunday procedurally defaulted his substantive claim regarding prosecutorial misconduct in the presentation of alleged perjured testimony.  On February 10, 2006, the Eleventh Circuit Court of Appeals affirmed the denial of Sunday's 2003 habeas petition.  *Id*. - *Court Doc. No. 76*.  The appellate court likewise denied a motion for rehearing filed by Sunday.  *Id*. - *Court Doc. No. 77*.  This court dismissed both the 2007 and 2009 civil actions with respect to Sunday's claims for habeas corpus relief as successive pursuant to the directives of 28 U.S.C. § 2244(b)(3).

      The law is well settled that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). It is clear from the pleadings filed herein that Sunday has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Sunday's fourth applicable] habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Id*. at 934.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Timothy Lee Sunday on July 2, 2011 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28

U.S.C. § 2244(b)(3)(A) as Sunday has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.[2]

It is further

ORDERED that on or before July 27, 2011 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed

---

[2] The court notes that any habeas claims the petitioner seeks to present are likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "entitle [Sunday] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-31 (11th Cir. 1999).

down prior to the close of business on September 30, 1981).

Done this 13th day of July, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE